**Joseph A. ADAMSKI, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–888.**

United States Court of Veterans Appeals.

Dec. 24, 1991.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Associate Judges.

ORDER

PER CURIAM.

This matter is before the Court on appellant's motion for sanctions and motion for an expedited decision on the Secretary's November 22, 1991, motion.

On September 19, 1991, Secretary of Veterans Affairs (Secretary) submitted a motion relating to a dispute under Rule 10 of this Court's Rules of Practice and Procedure. The motion sought: (1) to withdraw items designated by the Secretary in the designation of record filed on July 22, 1991, but which were not before the Board of Veterans' Appeals (BVA or Board) when it entered its decision on June 20, 1990, (2) to confine the issue on appeal to the one considered by the Board in its decision of June 20, 1990, and (3) to strike those portions of appellant's counter designation of record which the Secretary asserted involved "cat-egories of documents ... completely irrelevant to the present appeal and [that] should be excluded from the record on appeal ..." or alternatively, for an order to show cause why items counter designated by appellant should be included in the record on appeal.

Appellant filed a response to the Secretary's motion on October 1, 1991. Appellant did not contest the withdrawal of the items in the Secretary's designation of the record which were not before the Board, but urged that all items which he counter designated be included in the record on appeal since each item counter designated was in the record before the Secretary and the Board. *See* 38 U.S.C. § 7252(b) (formerly § 4052(b)).

The Court issued an Order, dated October 23, 1991, that granted that portion of the Secretary's motion which sought to withdraw items from the designation of record which were not before the Board when it entered its decision of June 20, 1990, but denied the remainder of the Secretary's motion to exclude items counter designated by appellant which were a part of the record before the BVA. The Secretary was directed to transmit the record on appeal in accordance with Rule 11 of this Court's Rules of Practice and Procedure, including those items counter designated by appellant, within 30 days after the date of that order.

■ On November 22, 1991, instead of transmitting the record, the Secretary filed his motions for revision of the October 23, 1991, Court order, or in the alternative, for that order to be reviewed by a panel. Transmission of the record is a ministerial act for which the Secretary is responsible. The ultimate determination as to the content of the record or relevance of material in the record is the Court's responsibility. U.S.Vet.App.R. 10. This is particularly true where, as in this case, there is a dispute between the parties as to the content of the record.

The Court issued an Order, dated December 4, 1991, that denied the Secretary's motions to revise the court's October 23, 1991 order and in the alternative, to review

that order by a panel. The Court also directed that the Secretary file, within 15 days after the Court's order, the record on appeal in accordance with Rule 11 of the Court's Rules of Practice and Procedure, including those items counter designated by appellant.

On December 6, 1991, appellant filed his opposition to the Secretary's November 22, 1991, motions, requesting sanctions and an expedited decision.

The record on appeal was not filed on or before December 19, 1991.

■ The Secretary's response to appellant's opposition to the Secretary's motion for revision of the Court's order, and opposition to appellant's motion for sanctions and motion for expedited decision, was received on December 23, 1991.

Continued delay and procrastination on the part of the Secretary has resulted in additional expenditure of resources by both the Court and appellant. The Secretary has failed to comply with the Court's December 4, 1991, order. Such failure is not an isolated occurrence as evidenced by several recent orders issued by this Court. The Court has the power to impose sanctions on the Secretary pursuant to 38 U.S.C. § 7265(a)(3) (formerly § 4065(a)(3)). *See Jones and Snyder v. Derwinski,* 1 Vet.App. 596, 605-08 (1991).

Therefore, on consideration of the foregoing, it is

ORDERED that appellant's motion for an expedited decision is denied as moot.

With respect to the petition for sanctions, it is

ORDERED that pursuant to 38 U.S.C. § 7265(a)(3), for the disobedience or resistance to the Court's December 4, 1991, order, the Secretary will reimburse appellant for the reasonable costs and attorney's fees related to the filing of appellant's December 6, 1991, motion; it is further

ORDERED that appellant, within twenty days after the date of this order, file with the Court and serve upon the Secretary an itemization of the expenses and the professional time invested in the filing of the December 6, 1991, motion. *Jones and*

*Snyder,* at 608. Appellant may include an argument with respect to any "special factors" he believes warrant the imposition of compensation at a rate higher than the statutory rate of $75 per hour (28 U.S.C. § 2412(d)(2)(A)); it is further

ORDERED that the Secretary shall file the record on appeal no later than the close of business on December 27, 1991.